EARL A. WILLSON, Respondent, *v.* FRED B. LLOYD and Others, Copartners, etc., Defendants, Impleaded with KNOX PROCESS CORPORATION, Appellant.

First Department, July 2, 1924.

**Attachment — issuance of warrant — complaint alleged on information and belief that corporation defendant assumed obligation of individual defendants — supporting affidavits stating merely that corporation undertook to carry out terms of contract and paid plaintiff money not sufficient — damages not sufficiently shown — warrant vacated.**

A warrant of attachment against a corporation defendant will be vacated since it appears that the complaint alleges upon information and belief merely that the corporation defendant assumed the obligation of the individual defendants

in favor of the plaintiff and the supporting affidavits merely state that the corporation defendant undertook to assume all the obligations of the individual defendants in connection with the contract and paid money to the plaintiff.

The allegations of the complaint and of the supporting affidavits do not show the existence of a substantial cause of action and the statement in the affidavits constitute mere legal conclusions and not facts. The allegation that the defendant corporation paid money to the plaintiff cannot raise an inference that it assumed the contract, since the payment might have been on behalf of the individual defendants.

The damages alleged are not proven with the accuracy required on an application to seize defendant's property in a specified amount.

APPEAL by the defendant, Knox Process Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of February, 1924, denying its motion to vacate the writ of attachment issued against its property, upon the ground that it is a foreign corporation.

*Merrill, Rogers, Gifford & Woody [Charles L. Woody* of counsel], for the appellant.

*Harry Schulman [Arthur Hutter* of counsel], for the respondent.

McAvoy, J.:

The defendant, Knox Process Corporation, appeals from an order denying a motion for an order vacating the writ of attachment issued herein against the property of said defendant. The defendant asserts four reasons why the attachment should be vacated:

*First.* The complaint does not state a cause of action against the defendant, Knox Process Corporation, for breach of contract, express or implied.

*Second.* The material allegations in the complaint are upon information and belief and the source of such information is not stated and the affidavit in support of the application for the attachment is not sufficient.

*Third.* The affidavit in support of the application does not contain evidence from which the court could determine that the ultimate facts stated in the complaint can be substantiated.

*Fourth.* The undertaking filed by the plaintiff is defective.

The complaint alleges three causes of action:

The first cause of action alleges that Briggs & Co. made an agreement with the plaintiff on May 19, 1923, by which he was to secure subscriptions to bonds of the defendant, Knox Process Corporation, the defendants, copartners of Briggs & Co., on their part agreeing to make payment in cash and stock of said corpora-

tion. It also alleges that the defendant, Knox Process Corporation, assumed all the obligations of the partnership defendants under this contract. It then alleges performance by the plaintiff, breach by the defendants, and damages.

The second cause of action realleges the above alleged contract, and also alleges a subsequent contract made on May 21, 1923, between Briggs & Co. and the plaintiff, whereby plaintiff was to procure certain other agreements from the subscribers to the bonds of the Knox Process Corporation, in consideration of which Briggs & Co. were to pay the plaintiff certain other sums. It then alleges due performance by the plaintiff and the breach of the defendants to pay.

The third cause of action alleges that Briggs & Co. through certain methods induced plaintiff to delay obtaining the signatures of subscribers pursuant to the agreement set up in the second cause of action, and sent one of their own employees out to procure the same signatures, who, without plaintiff's knowledge, procured the signatures of those subscribers, concealing their acts from the plaintiff, and damages are demanded.

The complaint and affidavits do not show evidentiary facts from which it may be found that a cause of action exists against the defendant, Knox Process Corporation, for breach of contract, express or implied.

Subdivision 1 of section 902 of the Civil Practice Act authorizes an attachment where the action is to recover a sum of money only for " breach of contract, express or implied." Unless the plaintiff shows by proof of facts that there was a contract between the plaintiff and the defendant, Knox Process Corporation, he is not entitled to his attachment.

The allegation in the complaint which it is asserted grounds liability against the defendant, Knox Process Corporation, is contained in paragraph " tenth " which is as follows:

" *Tenth.* Upon information and belief that the defendant Knox Process Corporation undertook and agreed for a valuable consideration to assume all of the obligations of the defendants Briggs, Lloyd and Hynson in connection with the said contract between the latter and the plaintiff herein, and agreed to carry out the terms of the said contract and to pay the plaintiff herein the sums of money and deliver the amounts of stock due to the plaintiff by virtue of the said agreement between the plaintiff and the defendants Briggs, Lloyd and Hynson."

This would be a sufficient averment of assumption by the Knox Process Corporation of the partnership liability and is proof against a demurring motion.

But these material allegations in the complaint are upon information and belief and the source of such information is not stated and the affidavit in support of the application for the attachment does not establish the claim by any further proof of sufficient quality to satisfy the rule that the cause of action must be shown to be one that may be substantiated.

The affidavit of plaintiff connecting the defendant, Knox Process Corporation, with the contract contains this averment as to the making of the contract of assumption: " That the defendant Knox Process Corporation undertook to carry out the terms of the contracts made by W. W. Briggs & Co. with your deponent and undertook to make the payments and deliver the stock which by the said contract the said co-partnership was obligated to pay and deliver, and the said Knox Process Corporation did in fact pay to your deponent from time to time various sums of money aggregating the sum of $15,700."

While there are other statements in the replying affidavits as to a previous understanding ultimately to have the corporation assume liability, these statements do not support the plea now made.

The statement that the Knox Process Corporation undertook to carry out the terms of the contract made by the partnership defendants with plaintiff is not sufficient, because such statement is not equivalent to a statement that the Knox Process Corporation made a contract with the plaintiff or that there was such privity between the Knox Process Corporation and the plaintiff as to infer that a contract relation and liability arose. These words apart from payment of part of the debt are mere legal conclusions of the affiant with no statement of fact. That the Knox Process Corporation paid to the plaintiff certain sums of money on this contract is not sufficient evidence that there was any contractual relation between the Knox Process Corporation and the plaintiff to sustain the cause. If payments were made for Briggs & Co. the implication of a contract to assume the debt would not arise.

The allegation in the complaint in paragraph 10th as to assumption of obligation by the Knox Process Corporation does not strengthen the proof of the affidavit itself, because the allegation in the complaint is made on information and belief and no warrant of attachment will issue on an affidavit or a complaint made on information and belief.

The proof of the allegation of assumption of this liability does not seem to be sufficient to us to have authorized the issuance of the warrant of attachment, nor are the damages in the third cause of action made out with that accuracy of proof which ought

to accompany an application to seize the defendant's property in a specified amount.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.