EARL A. WILLSON, Respondent, *v.* FRED B. LLOYD and Others, Defendants, Impleaded with KNOX PROCESS CORPORATION, Appellant.

First Department, July 2, 1924.

**Attachment — issuance — complaint upon information and belief not supported by affidavits insufficient as basis for granting warrant.**

A complaint in an action on a contract against a corporation and individuals which, so far as the corporation is concerned, is based on information and belief, is not sufficient upon which to base an attachment against the corporation where there are no affidavits stating the sources of the information or the grounds for the belief as to. the facts alleged.

APPEAL by the defendant, Knox Process Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk .of the county of New York on the 1st day of April, 1924, refusing to strike out the third cause of. action alleged in the amended complaint as against the appellant, and fixing the amount of the undertaking to be delivered for a release of an attachment which has been served in the action.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* of counsel], for the' appellant.

*Harry Schulman* [*Arthur Hutter* of counsel], for the respondent.

SMITH, J.:

The action is, brought by the plaintiff to recover upon several contracts made with the individual defendants Lloyd, Hynson and Briggs. The contract made was to procure subscriptions to first mortgage twenty-year gold coupon bonds of the defendant corporation. It is claimed that certain subscriptions were procured, for which the plaintiff seeks to hold the corporate defendant in the first cause of action, upon an allegation that the corporate defendant agreed to assume the obligations of the individual defendants.

The second cause of action seems to be for the procuring of a modification of the original subscription from these same subscribers, which the plaintiff alleges that he performed, and which liability the corporate defendant is alleged to have assumed.

The third cause of action is one for the fraud or wrongful acts of the individual defendants in misleading the plaintiff, thereby preventing him from securing the signatures of certain subscribers. The individual defendants had the subscribers sign through a salaried officer, after having misled the plaintiff and caused him to delay in the procurement of the said signatures.

The defendant corporation is connected with all of these causes of action upon an allegation upon information and belief, that for a valuable consideration the corporation assumed all of the obligations of the individual defendants in connection with the said matters.

In the third cause of action all the allegations are upon information and belief. There is included in this cause of action paragraph 19, contained in the second cause of action, which alleges the assumption by the corporation of all obligations of the individual defendants to the plaintiff in connection with these contracts. This would be sufficient as a complaint, but it is not sufficient upon which to base an attachment, as there is no affidavit stating the sources of the information or grounds for the belief that the

corporate defendant assumed the obligations which are alleged against the individual defendants. No question is made by the appellant as to the first and second causes of action.

There is another appeal in this action from an order made upon the original complaint, the decision of which will be handed down herewith. (See *Willson* v. *Lloyd,* 210 App. Div. 96.) This application is made upon the amended complaint, which differs in no material respects from the original complaint. In the order handed down upon the other appeal this court has set aside the attachment as not authorized by the papers presented therefor.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.